973 So.2d 251 (2007)
Jeffrey B. HARVEY a/k/a Jeffrey Harvey, Appellant
v.
STATE of Mississippi, Appellee.
Jeffrey B. Harvey a/k/a Jeffrey Harvey, Appellant
v.
State of Mississippi, Appellee.
Nos. 2006-CP-00553-COA, 2006-CP-00585-COA.
Court of Appeals of Mississippi.
June 26, 2007.
Rehearing Denied November 20, 2007.
*252 Jeffrey B. Harvey, Appellant, pro se.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. At a hearing in the Circuit Court of Tate County on April 15, 2004, Jeffrey B. Harvey pled guilty to two Tate County charges of uttering a forgery and to two DeSoto County charges of uttering a forgery. For each count, the court sentenced Harvey to ten years, with seven years to serve and three years on post-release supervision, with all four sentences to run concurrently. Subsequently, Harvey filed motions for post-conviction relief (PCRs) in Tate and DeSoto Counties. In both PCRs, Harvey argued that the court erred in sentencing him as a habitual offender because the State had not proven his habitual offender status. The circuit courts summarily dismissed the PCRs. In these consolidated appeals, we review the summary dismissal of Harvey's two PCRs,

FACTS
¶ 2. Harvey was indicted in Tate County for two counts of uttering a forgery and in DeSoto County for nine counts of uttering a forgery. Both indictments charged Harvey as a violent habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev.2000). Harvey entered petitions to plead guilty to the two Tate County charges and to two DeSoto County charges as a non-violent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2000). The Circuit Court of Tate County, Judge Andrew C. Baker presiding, accepted Harvey's guilty pleas to the two Tate County and two DeSoto County charges.
¶ 3. At the sentencing portion of the hearing, certified copies of pen packs were admitted into evidence as "Exhibit 1." The pen packs showed Harvey's prior convictions in Tennessee of rape and two counts of robbery with a deadly weapon for which he received three concurrent ten-year sentences; a federal conviction of using a stolen credit card and sentence of nineteen months in the custody of the United States Department of Prisons and two years' supervised release; and several convictions in Illinois including attempted murder and armed robbery with concurrent twenty-two year sentences, attempted escape with a three-year sentence, and three controlled substances convictions with concurrent four-year sentences. The pen packs included copies of the judgments of conviction for each crime. Exhibit 1 was the only exhibit to the plea hearing and was reviewed by the court in sentencing Harvey as a habitual offender on both the Tate County charges and the DeSoto County charges.
¶ 4. Harvey filed separate motions for post-conviction relief from the Tate County and DeSoto County convictions. In both motions, he argued that there was insufficient *253 evidence of his prior convictions to establish his habitual offender status and he requested to be re-sentenced as a non-habitual offender. The Circuit Courts of Tate and DeSoto Counties, Judge Andrew C. Baker presiding, dismissed the PCRs. Judge Baker found from his review of the records that certified copies of pen-packs had been admitted into evidence establishing Harvey as a habitual offender and, therefore, it plainly appeared that Harvey was entitled to no relief.

STANDARD OF REVIEW
¶ 5. A movant for post-conviction relief bears the burden of proof of entitlement to relief by the preponderance of the evidence. Miss.Code Ann. § 99-39-23(7) (Supp.2006). Pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2000), the trial court may summarily dismiss a motion for post-conviction relief if "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." This Court will affirm the lower court's summary dismissal of a PCR if the petitioner has failed to demonstrate "`a claim procedurally alive substantial[ly] showing denial of a state or federal right. . . .'" Young v. State, 731 So.2d 1120, 1122(¶ 9), (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss. 1991)). We will reverse any fact-findings made by the trial court only when those findings are clearly erroneous. Boddie v. State, 875 So.2d 180, 183(¶ 6) (Miss.2004). We review all questions of law de novo. Id.

LAW AND ANALYSIS
I. WHETHER THE CIRCUIT COURT ERRED IN SENTENCING HARVEY AS A HABITUAL OFFENDER?
¶ 6. Harvey argues that the State failed to prove his habitual offender status beyond a reasonable doubt. Section 99-19-81 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
The State bears the burden to prove the defendant's habitual offender status beyond a reasonable doubt, by producing sufficient evidence that the defendant was "convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times" and for which the defendant was sentenced to separate terms of at least one year's imprisonment. Vince v. State, 844 So.2d 510, 517(¶ 22) (Miss.Ct.App.2003). Certified copies of pen packs have been deemed competent evidence of prior convictions for the purposes of the habitual offender statutes. Frazier v. State, 907 So.2d 985, 991(¶ 16) (Miss.Ct.App.2005).
¶ 7. Harvey attached a copy of the Tennessee pen pack to his appellate brief which he contends was the only pen pack admitted into evidence against him. Harvey argues that only his Tennessee convictions were before the circuit court and that those convictions did not constitute charges "separately brought and arising out of separate incidents at different times." Miss.Code Ann. § 99-19-81. Therefore, Harvey argues, there was insufficient *254 evidence to establish his habitual offender status. Harvey requests that this Court reverse and remand these cases for him to be re-sentenced as a non-habitual offender.
¶ 8. Included in the appellate record of Harvey's DeSoto County conviction and labeled "Exhibit 1" is a copy of the Tennessee pen pack without the other pen packs attached. However, the appellate record of Harvey's Tate County conviction includes a copy of all the pen-packs labeled "Exhibit 1." The transcript of Harvey's single plea hearing on both convictions indicates that only one exhibit, "Exhibit 1," was admitted during the sentencing phase. Before Exhibit 1 was received into evidence, the State acknowledged that some of the dates of conviction shown by the pen packs varied from those charged in the indictments and moved to amend the indictments. The court granted the motion to amend the indictments as to form to correct the errors. It is manifest from the plea hearing transcript and Tate County's record of "Exhibit 1" that the Tennessee, federal, and Illinois pen packs were admitted into evidence against Harvey collectively as "Exhibit 1" and were considered by the circuit court in finding Harvey was a habitual offender. The pen packs, revealed multiple convictions with over one-year sentences upon charges separately brought and arising out of separate incidents at different times. This proof was more than sufficient to establish Harvey as a habitual offender. Miss.Code Ann. § 99-19-81. Judge Baker did not err in summarily dismissing Harvey's PCRs.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.