KING, C.J.,
 

 for the Court.
 

 ¶ 1. James Calvin Williams was convicted in the Circuit Court of Forrest County of possession of a firearm by a convicted felon and sentenced as a habitual offender to ten years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole, probation, or early release pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007). Aggrieved, Williams appeals raising the following assignments of error: (1) the State failed to establish that Williams was a habitual offender under Mississippi Code Annotated section 99-19-81; (2) the trial court erred in overruling Williams’s motion to suppress; and (3) the trial court erred in allowing the State’s expert, Mark Mitchell, to testify as to his trace of the gun’s history of ownership. We affirm in part the judgment of the trial court as to the conviction and reverse in part as to that portion of the judgment which found Williams to be a habitual offender and remand for re-sentencing as a non-habitual offender.
 

 FACTS
 

 ¶ 2. On August 30, 2007, at approximately 2:20 a.m., Williams was riding his bicycle on the sidewalk in the vicinity of Martin Luther King Street and Ashford Street in Hattiesburg, Mississippi when two officers with the Hattiesburg Police Department, Kyle Stuart and Brandon Jones, who were patrolling the area, attempted to stop him. Officer Stuart stated that once Williams noticed the officers, he pulled into the parking lot, and the officers followed. Officer Stuart claimed that once he exited his vehicle, Williams proceeded to ride his bicycle around his patrol car. Officer Stuart and Officer Jones testified that the reason for attempting to stop Williams was to conduct an investigative stop to determine where Williams was going that time of the morning in a high-crime area near an elementary school and to inform Williams that riding his bicycle without any reflectors and riding his bicycle on the sidewalk was in violation of city ordinances. When Williams did not stop, Officer Jones got out of his patrol car and gave Williams a verbal command to stop. Williams continued to cycle around the officers’ cars and then attempted to flee by riding south back up Martin Luther King Street. At that point, Officer Jones gave chase to stop Williams. Approximately 50 to 60 yards down the road, Williams wrecked his bicycle. Officer Jones and Officer Stuart approached Williams and tried to detain him. While Williams was resisting the officers’ efforts to detain him, a loaded handgun, which was identified as a black .380 Lorcin, fell from Williams’s waistband. Thereafter, Williams was restrained, and the officers conducted a pat-down search. During the pat-down search the officers also discovered a holster on Williams’s waistband. Once Williams was detained, the officers asked his identity and ran a background check. The check indicated that Williams was a convicted felon; Williams was arrested. Subsequently, Williams was indicted by a Forrest County grand jury for possession of a firearm by a convicted felon. On October 1, 2008, Williams was convicted of possession of a firearm by a convicted felon and sentenced as a habitual offender to ten years in the custody of the MDOC without eligibility for parole, probation, or early release. Williams filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. On October 16, 2008, Williams’s
 
 *1224
 
 post-trial motion was denied. Williams appeals.
 

 STANDARD OF REVIEW
 

 ¶ 8. In this case, the Court must use a separate standard of review for the issues raised by Williams on appeal. First, the applicable standard of review on appeal to determine whether reasonable suspicion for an investigatory stop and probable cause for an arrest exist is a de novo review.
 
 Floyd v. City of Crystal Springs,
 
 749 So.2d 110, 113(¶ 11) (Miss.1999). “Second, ... the standard of review regarding admission [or exclusion] of evidence is abuse of discretion.”
 
 Id.
 
 at (¶ 12) (citation and internal quotations omitted). “Where error involves the admission or exclusion of evidence, the appellate court will not reverse unless the error adversely affects a substantial right of a party.”
 
 Id.
 
 (Internal quotations omitted).
 

 ANALYSIS
 

 I. Whether the State failed to establish that Williams was a habitual offender pursuant to Mississippi Code Annotated section 99-19-81.
 

 ¶ 4. Williams argues that the State failed to prove that he was a habitual offender pursuant to Mississippi Code Annotated section 99-19-81. Section 99-19-81 of the Mississippi Code Annotated, one of the state’s two habitual offender statutes, provides that:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 ¶ 5. Williams asserts that the State failed to prove that he had two prior felony offenses and had received a sentence of at least one year for each conviction. Williams asserts that his general acknowledgment of a 1992 conviction does not prove beyond a reasonable doubt that he was convicted of a felony in 1992 or sentenced to a term of one year.
 

 ¶ 6. The State argues that the indictment alleged that Williams had been previously convicted in 1988 of possession of a controlled substance and in 1992 of grand theft. The State asserts that during the guilt phase of the trial, it introduced into evidence a sentencing order regarding the 1988 conviction in Cause No. 13,227, which was admitted without an objection by the defense. During the sentencing hearing, the State indicated that it had a certified copy of a judgment of conviction for Cause No. 15,294 which occurred in 1992, which would be entered into evidence. The State also claims that Williams answered affirmatively to the existence of both convictions when the trial judge asked Williams whether he was the same James Calvin Williams who was convicted at least twice previously.
 

 ¶ 7. The State has the burden of proof as to all the essential elements of the crime charged.
 
 Vince v. State,
 
 844 So.2d 510, 517(¶ 22) (Miss.2003). In this case, the record contains a certified copy of Williams’s sentencing order for the 1988 conviction for the possession of a controlled substance. In the 1988 case, Cause No. 13,227, Williams was sentenced to serve three years in the custody of the MDOC. However, the record before this Court does not contain the certified copy
 
 *1225
 
 of the 1992 conviction, which the State had indicated was being introduced into evidence. The designation of the record required pursuant to Mississippi Rules of Appellate Procedure 10(b)(1) includes all papers on file with the Forrest County Circuit Clerk in this cause, certified copies of docket entries, pretrial motion transcripts, and exhibits, jury voir dire, jury instructions (given and refused), post-trial motion transcripts as well as all exhibits filed, taken, or offered. However, there is not found among the exhibits or the list of exhibits proof of a second felony conviction in which Williams was sentenced to a term of one year or more.
 

 ¶ 8. The State has acknowledged that the exhibits submitted to this Court do not include a copy, certified or non-eertified, of a 1992 felony conviction for Williams. While the primary responsibility for the designation of the record falls upon the appellant, under Mississippi Rules of Appellate Procedure 10(b)(5), the appellee also is tasked with reviewing the record to ascertain that it is both correct and complete. In the event that the record as designated by the appellant is either incorrect or incomplete, the appellee has an obligation to make written submissions to the clerk of the trial court identifying errors or omissions.
 
 [1]
 
 The State has not suggested that it made such a submission to the clerk, nor does the record before this Court reflect or suggest any such submission.
 

 THE DEFENDANT: Yes, sir.
 

 ¶ 9. Absent such proof, this Court must rely solely upon the matters properly contained in the record on appeal. That record does not include any proof of a 1992 felony conviction. While this Court has reviewed the question asked of by Williams during sentencing and his response to the question, which addresses prior convictions,
 
 [2]
 
 they neither acknowledge a 1992 felony conviction nor the imposition of a sentence of at least one year of incarceration. Under these circumstances, this Court is compelled to find that the State failed to prove that Williams was a habitual offender within the purview of Mississippi Code Annotated section 99-19-81. Therefore, we reverse and remand for re-sentencing.
 

 
 *1226
 
 II. Whether the trial court erred in overruling Williams’s motion to suppress.
 

 ¶ 10. Williams filed a motion to preclude the entry into evidence of the gun that fell from his waistband. Williams contends that the actions of the officers in obtaining the gun were unlawful; therefore, it should be excluded as the result of an improper search and seizure. Williams argues that even if his detention was considered an investigatory stop, the conduct of the officers was unreasonable in that they possessed no specific facts upon which they could have reasonably believed that Williams was armed. Williams’s arguments are not persuasive.
 

 ¶ 11. At approximately 2:20 a.m., the officers observed an individual riding a bicycle on the sidewalk, without a headlight and reflectors, in what was described as a high-crime area. Riding a bicycle under these circumstances is atypical behavior. Under
 
 Terry v. Ohio,
 
 392 U.S. 1, 22-27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer is allowed to conduct a brief stop to seek clarity from what is an ambiguous set of circumstances. The officers testified that they attempted to stop Williams to clarify what was beyond question an ambiguous set of circumstances. When without provocation, Williams attempted to elude the officers that further heightened the ambiguity and the justification for the attempted stop. That justification also embraced the right to pursue and detain Williams to resolve that ambiguity.
 
 Id.
 
 at 29, 88 S.Ct. 1868.
 

 ¶ 12. When the officers reached Williams, they attempted to gain control of the situation and to protect themselves by placing him in handcuffs. As they did so, Williams struggled, and the gun fell out of the waistband of his pants. There is no indication that the gun was obtained as a result of any search of Williams’s person. The officers retrieved the gun after it fell to the ground.
 

 ¶ 13. When the gun was retrieved from the ground, it was not the product of an illegal search and seizure. Upon running a background check, the officers were informed that Williams was a convicted felon, and as such, he was prohibited from possessing a gun. Having made that determination, Williams was arrested and subsequently indicted.
 

 ¶ 14. In a factually similar case, police officers observed an individual at approximately 2:30 a.m., in an area where a recent crime had been committed. This Court ruled that these circumstances would warrant an investigatory stop.
 
 Carr v. State,
 
 770 So.2d 1025, 1028(¶ 8) (Miss.Ct.App.2000). In
 
 Carr,
 
 we stated that:
 

 Reviewing the evidence in that light, we note that it is largely beyond dispute that the officers had no probable cause to arrest [Gregory Paul] Carr at the time he was observed riding a bicycle on a public street. Nevertheless, it is apparent to this Court that police officers observing an individual at large at approximately 2:30 in the morning in an area where a recent crime had been committed would be entitled to undertake a brief investigatory stop to determine the circumstances of that individual’s presence in that area. The right to compel Carr to undergo such a brief investigatory stop was not diminished by the fact that Carr suddenly fled when commanded to stop, so that the officers were justified in pursuing and detaining him against his will, at least until the legitimacy of his presence under the circumstances could be resolved.
 

 Id.
 
 (internal citations omitted). In arguing against Williams’s motion to suppress, the State gave as its primary reason for the
 

 
 *1227
 
 stop of Williams — the resolution of an ambiguity pursuant to
 
 Temj v. Ohio.
 
 But it also articulated a second reason during that argument. That second reason was that the riding of a bicycle on the sidewalk was in violation of Hattiesburg’s municipal ordinances. The State argued that the officers were entitled to stop Williams due to this alleged violation of municipal law. The ordinance which Williams is alleged to have violated was not made a part of the record on appeal. However, Williams’s appellate brief acknowledged that he “apparently violated this ordinance on the night in question.... ” This Court holds that this acknowledged violation of Hat-tiesburg’s municipal ordinances by Williams provided a proper basis upon which officers were entitled to stop and question Williams. This Court finds that this issue is without merit.
 

 III. Whether the trial court erred in allowing Sergeant Mark Mitchell to testify to the gun’s history of ownership.
 

 ¶ 15. Williams claims that the trial court erred by allowing Officer Mitchell to testify to a trace of the gun’s history of ownership. Williams objected to the receipt of this testimony as being irrelevant. The trial court withheld ruling on the objection pending the development of the evidence. At the conclusion of Officer Mitchell’s testimony, the trial court ruled that the testimony was irrelevant and sustained Williams’s objection.
 

 ¶ 16. When instructing the jury prior to its deliberations, the trial judge included instruction C-l, the relevant portion of which informed the jury that it was to disregard and could not take into consideration any evidence which was excluded during the trial. That excluded evidence included the testimony of Officer Mitchell. In the absence of contrary indications, jurors are presumed to follow the instructions of the court.
 
 Shelton v. State,
 
 728 So.2d 105, 112(¶ 30) (Miss.Ct.App.1998). There is nothing in the record before this Court to suggest that the jury deviated from the instructions given to it. Accordingly, this issue is without merit.
 

 ¶ 17. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON IS AFFIRMED. THAT PORTION OF THE JUDGMENT FINDING WILLIAMS TO BE A HABITUAL OFFENDER IS REVERSED, AND THIS CASE IS REMANDED FOR RE-SENTENCING AS A NON-HABITUAL OFFENDER. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Mississippi Rules of Appellate Procedure 10(b)(5) provides that:
 

 For fourteen (14) days after service of the clerk’s notice of completion under Rule 11(d)(2), the appellant shall have the use of the record for examination. On or before the expiration of that period, appellant's counsel shall deliver or mail the record to one firm or attorney representing the appel-lee, and shall append to the record (i) a written statement of any proposed corrections to the record, (ii) a certificate that the attorney has carefully examined the record and that with the proposed corrections, if any, it is correct and complete, and (iii) a certificate of service. Counsel for the ap-pellee shall examine the record and return it to the trial court clerk within fourteen (14) days after service, and shall append to the record (i) a written statement of any proposed corrections to the record, (ii) a certificate that the attorney has carefully examined the record and that with the proposed corrections, if any, it is correct and complete, and (iii) a certificate of service. Corrections as to which counsel for all parties agree in writing shall be deemed made by stipulation. If the parties propose corrections to the record but do not agree on the corrections, the trial court clerk shall forthwith deliver the record with proposed corrections to the trial judge. The trial judge shall promptly determine which corrections, if any, are proper, enter an order under Rule 10(e), and return the record to the court reporter or the trial court clerk who shall within seven (7) days make corrections directed by the order.
 

 [2]
 

 . THE COURT: You acknowledge you are one and the same James Williams — James Calvin Williams that was convicted at least twice previously; is that correct?