MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. A jury in the Jones County Circuit Court found Roger Heidelberg guilty of sexual battery of a twelve-year-old girl. Before trial, the State moved to amend the indictment to charge Heidelberg as a habitual offender. The State provided certified copies of two sentencing orders documenting Heidelberg’s prior felony convictions. And the circuit judge ordered the indictment amended to reflect Heidelberg’s prior felony convictions and habitual-offender status. After the jury returned a guilty verdict, the State again advised the circuit judge that Heidelberg had two prior felony convictions. The judge then sentenced Heidelberg as a habitual offender to life in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. On appeal, Heidelberg claims the State’s failure to offer the certified sentencing orders during the sentencing hearing requires reversal of his sentence. Because Heidelberg raises this issue for the first time on appeal, we find it procedurally barred. Further, since Heidelberg neither contests the validity or sufficiency of his prior felony convictions supporting his enhanced sentence nor otherwise points to any notice-based deficiencies in the amended charging document, we affirm.
 

 FACTS
 

 ¶ 2. On November 17, 2007, Laurel Police Department Officer Brian Lilly responded to a report of a sexual assault. Upon arrival, Officer Lilly found twelve-year-old K.E.
 
 [1]
 
 crying on her porch. At trial, K.E. testified that Heidelberg, whom she had believed to be her natural father, had given her vodka to drink that day. She recalled vomiting several times and passing out. She later awoke in her mother’s bed lying face down crying. Though the events were hazy, she clearly remembered Heidelberg having sexual intercourse with her. And both Heidelberg’s son and stepson testified that while peeking through a crack in the bedroom door, they witnessed Heidelberg having sex with K.E. Expert testimony also established to “a reasonable degree of scientific certainty” that seminal fluid from a vaginal swab of K.E. matched Heidelberg’s DNA profile.
 

 ¶ 3. Heidelberg took the stand in his defense and denied having sex with K.E. He testified that after returning home from a liquor store around 10:30 a.m., he found K.E. unconscious on the bed where she had thrown up. He explained she was naked from the waist down. Heidelberg testified that he kneeled behind K.E. to pick her up, then laid her on the bed and pulled the cover over her. Heidelberg testified that K.E. woke up approximately ten minutes later, found her pants, and then went to the living room and laid down on
 
 *732
 
 the couch. Heidelberg claimed he left shortly after to meet his wife.
 

 ¶ 4. The State originally charged Heidelberg, who was thirty-eight years old at the time, with sexual battery
 
 [2]
 
 and incest. Prosecutors later moved to dismiss the incest charge after DNA testing revealed Heidelberg was not K.E.’s biological father. On November 12, 2008, the State moved to amend the indictment to charge Heidelberg as a habitual offender. Certified copies of Heidelberg’s prior felony sentencing orders were attached to the motion.
 

 ¶ 5. The jury found Heidelberg guilty of sexual battery, and the circuit judge sentenced him as a habitual offender to life imprisonment. Heidelberg neither raised any objection to the manner in which the State proved his habitual-offender status during his sentencing hearing, nor contested it in his motion for a new trial. He now appeals claiming the State’s failure to sufficiently establish his prior convictions requires reversal of his life sentence.
 

 DISCUSSION
 

 I. PROCEDURAL BAR
 

 ¶ 6. Heidelberg failed to object, during sentencing, to the manner in which the State proved his habitual-offender status. The supreme court and this court have previously made clear that: “When an accused fails to object to the habitual offender issue during the sentencing phase, he is procedurally barred to do so the first time on appeal.”
 
 Sims v. State,
 
 775 So.2d 1291, 1294 (¶ 16) (Miss.Ct.App.2000) (citing
 
 Cummings v. State,
 
 465 So.2d 993, 995 (Miss.1985)). Further, Heidelberg’s failure to attack his sentence in his motion for a new trial serves as a procedural bar. Watts
 
 v. State,
 
 492 So.2d 1281, 1291 (Miss.1986) (citing
 
 Pool v. State,
 
 483 So.2d 331, 336 (Miss.1986)). Thus, Heidelberg’s sentence is barred from our review.
 

 II. PLAIN ERROR
 

 ¶ 7. Apparently recognizing the procedural bar, Heidelberg seeks plain-error review. The plain-error doctrine provides for appellate review of obvious errors not properly raised by the defendant at trial, which affect a defendant’s “fundamental, substantive right[s].”
 
 Smith v. State,
 
 986 So.2d 290, 294 (¶ 10) (Miss.2008). To succeed under the plain-error standard, Heidelberg must show (1) an error at the trial level (2) that resulted in a manifest miscarriage of justice.
 
 Stephens v. State,
 
 911 So.2d 424, 432 (¶ 19) (Miss.2005).
 

 ¶ 8. Heidelberg does not claim he lacked notice of the State’s intent to seek enhanced penalties under Mississippi Code Annotated section 99-19-81 (Rev. 2007). Nor does he attack the amended indictment. He instead argues the State’s failure to offer certified copies of his convictions during the sentencing phase mandates reversal of his sentence.
 

 ¶ 9. Under section 99-19-81:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the
 
 *733
 
 maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 Before a court may sentence a defendant under section 99-19-81, the State must properly charge the accused as a habitual offender and “then prove the prior offenses by competent evidence beyond a reasonable doubt[.]”
 
 Joiner v. State,
 
 32 So.3d 542, 544 (¶12) (Miss.Ct.App.2010) (citing
 
 Madden v. State,
 
 991 So.2d 1231, 1236 (¶ 20) (Miss.Ct.App.2008)). The accused must have “a reasonable opportunity to challenge the State’s proof.”
 
 Id.
 

 ¶ 10. Heidelberg claims his case is “indistinguishable” from this court’s decision in
 
 Vince v. State,
 
 844 So.2d 510 (Miss.Ct.App.2003), in which we reversed and rendered the defendant’s sentence as a habitual offender. We disagree.
 

 ¶ 11. In
 
 Vince,
 
 our plain-error review focused primarily on a deficiency in the form of the amended indictment. This court found the omission of the nature of each felony conviction in the State’s oral attempt to amend the indictment constituted a “fundamental” defect.
 
 Id.
 
 at 516-17 (¶ 20). We held that the State’s failure to give prior notice of each particular offense relied on to support habitual-offender status did not fully acquaint the defendant with the nature of the accusations against him and required reversal.
 
 Id.
 

 ¶ 12. Heidelberg seizes on this court’s alternative finding in
 
 Vince
 
 that aside from the defects in the indictment, the absence of competent proof, during sentencing, of the defendant’s prior convictions served as an “equally compelling reason” to vacate his sentence.
 
 Id.
 
 at 517 (¶ 22). We note that in
 
 Vince,
 
 the circuit court relied on an oral recitation of prior convictions gleaned from an NCIC report, which had not been included in the record.
 
 Id.
 
 at 517-18 (¶¶ 21-25). Further, in
 
 Vince,
 
 notice • issues existed because the State failed to identify the prior convictions it relied upon to seek the enhanced sentence until after sentencing had begun.
 
 Id.
 
 at 515 (¶ 15). We ultimately offered the following admonition from the supreme court:
 

 We have regularly upheld sentences under the habitual criminal statutes where the proof of prior convictions was made by certified copies of the judgments of conviction.
 
 This accords with the basic principle that the best evidence of a conviction is the judgment of conviction.
 

 Id.
 
 at 518 (¶ 25) (quoting
 
 McIlwain v. State,
 
 700 So.2d 586, 589 (¶13) (Miss.1997)).
 

 ¶ 13. Unlike
 
 Vince,
 
 here, there were no uncertainties when Heidelberg stood for sentencing. Prior to trial, the State attached certified copies of Heidelberg’s two prior felony sentencing orders to its motion to amend his indictment. The circuit judge then ordered the indictment amended to reflect Heidelberg’s prior convictions and habitual-offender status. The circuit court also incorporated an attachment listing the certified sentencing orders into the amended indictment. Thus, Heidelberg clearly had advance notice of the State’s intent to seek the enhanced sentence.
 

 ¶ 14. The supreme court instructs: “[Sjentencing orders are competent evidence of previous convictions.”
 
 Harper v. State,
 
 887 So.2d 817, 828 (¶49) (Miss.Ct.App.2004) (citing
 
 Duplantis v. State,
 
 708 So.2d 1327, 1347 (¶ 101) (Miss.1998)). And here, the accompanying certified sentencing orders depict Heidelberg’s 1989 burglary conviction and his 2003 conviction for possession of a firearm by a convicted felon.
 

 ¶ 15. At sentencing, the State reminded the circuit judge of Heidelberg’s habitual-offender status, which mandates life im
 
 *734
 
 prisonment.
 
 See
 
 Miss.Code Ann. §§ 97-3-95(l)(d) and 97-3-101(3) (Rev.2006). Heidelberg made no objection to proceeding in light of the enhanced penalties. Indeed, when the circuit judge asked if defense counsel was ready for sentencing, he responded: ‘Tes, Your Honor. I don’t believe there’s much choice in sentencing.”
 

 ¶ 16. We find Heidelberg had sufficient notice and ample opportunity to challenge the qualifying convictions but chose not to do so. Though the State did not formally offer the certified sentencing orders, during sentencing, we cannot disregard the fact that here both prior convictions occurred in the Second Judicial District of Jones County. And the relating certified sentencing orders were signed by the same judge who presided over and sentenced Heidelberg in this case. We recognize our holding in
 
 Vince
 
 and its guidance about the preferable method of proving habitual-offender status. However, we specifically note that Heidelberg does not claim his prior convictions are in any way invalid or insufficient to trigger habitual-offender status. Nor does he point to any notice-based deficiency.
 

 ¶ 17. Based on the procedural bar and the absence of any alleged deficiencies in Heidelberg’s underlying convictions or in the amended charging document, we find no manifest injustice in the trial court’s imposition of the statutorily mandated life sentence. Accordingly, we affirm Heidelberg’s conviction and sentence.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . We use initials to protect the identity of the victim.
 

 [2]
 

 . The State charged Heidelberg with sexual battery under Mississippi Code Annotated section 97 — 3—95(l)(d) (Rev.2006), which criminalizes the sexual penetration of a child under the age of fourteen years of age by a person twenty-four or more months older than the child.