929 So.2d 420 (2006)
Anthony SHORT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02767-COA.
Court of Appeals of Mississippi.
May 23, 2006.
*422 Boyd P. Atkinson, Cleveland, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. On December 4, 2003, a Bolivar County jury convicted Anthony Short of possession of a firearm by a convicted felon. The Circuit Court of Bolivar County sentenced him to three years in the custody of the Mississippi Department of Corrections as a habitual offender and ordered him to pay a $5,000 fine. Short appeals, arguing (1) that the State was collaterally estopped from trying him for possession of a firearm by a convicted felon because a city court had found him not guilty of possession of stolen property regarding the same firearm; (2) the court improperly sentenced him as a habitual offender; and (3) there was insufficient *423 evidence to support a guilty verdict and the verdict was against the overwhelming weight of the evidence.
¶ 2. We affirm in part and reverse, render and remand in part. We affirm Short's conviction. We reverse and render Short's sentence and remand for resentencing because the record reveals that there was insufficient evidence before the trial court to establish Short's habitual offender status.

FACTS
¶ 3. In the early morning hours of February 10, 2003, Patrolman Charles White of the Cleveland Police Department responded to a dispatch call to investigate a disturbance at 928 Church Street, the home of Short's girlfriend, Patricia Jones. Jones had called the police saying that Short had left her house and threatened to return with a gun. As Patrolman White proceeded north on Church Street, he observed a parked car facing southwest in the yard of 928 Church Street. The driver's side door was opened and a man, Short, was stooped over and reaching under the driver's seat. The car was later determined to belong to Short's other girlfriend, Shirley Ramsey.
¶ 4. Officer Ronald Levingston arrived. The officers approached the car and asked Short if he had a gun. Short denied having a gun and the officers told Short to leave. At first, Short said he had no keys to the car and declined to leave. Then, Short departed on foot but returned momentarily. At some point, Officer Douglas Tribble arrived. Short began cursing at the officers, who placed him under arrest for public profanity. The officers searched Short incident to his arrest and discovered the car keys in Short's pocket. Jones requested that the car be towed from her property. Officer Tribble and Patrolman White performed an inventory search of the car incident to the towing. Officer Tribble found a .380 Bryco handgun under the driver's seat. No ammunition for the gun was located.
¶ 5. Short was indicted for possession of a firearm by a convicted felon. At the trial on December 4, 2003, Short and the State stipulated that as of February 10, 2003, Short previously had been convicted of "a felony or felonies." Jones testified that, on February 10, 2003, she and Short were in the midst of an argument when Short left to get a gun from his car. Jones stated that, when Short left the house, she looked outside and saw him putting a clip into the gun, prompting her to call the police. Jones also stated that, previously, she had seen Short with the gun and that Short always stored the gun under the driver's seat of the car. Jones testified that, when he visited her, Short usually drove Ramsey's car.
¶ 6. Investigator Robert Graham interviewed Short. In his statement, Short told Graham that he had obtained the handgun through a pawn arrangement. The previous month, Daryl Hawkins had pawned the gun to Short in exchange for $45. Short had expected to return the gun to Hawkins when Hawkins repaid the $45. Short told Graham that he had been aware that, as a convicted felon, he was not supposed to be in possession of a firearm but stated that he had not planned on being caught with the handgun. Short told Graham that Jones had placed the gun under the driver's seat.
¶ 7. Short's trial testimony differed from his prior statement. At the trial, Short admitted that Hawkins had pawned the gun to Short in exchange for $45. However, Short maintained that he had never touched the gun. Short testified that he instructed his friend, Tyrone Walker, to bring the gun to Jones's house for storage since Ramsey would not tolerate having a *424 gun in her house. Short said that Walker brought the gun to Jones's house and, on February 10, Short went to Jones's house to retrieve it in order to return it to Hawkins and get his money back. Short testified that Jones had not wanted to give him the gun, that they argued, and that Jones told him she had placed the gun under the driver's seat. Short stated that he went outside and was about to retrieve the gun when the police arrived. However, he said he was surprised when the police found the gun under the driver's seat.
¶ 8. The jury returned a verdict of guilty.

LAW AND ANALYSIS

I. THE COURT COMMITTED ERROR IN ALLOWING THE PROSECUTION TO PROCEED WHEN THE STATE SHOULD HAVE BEEN COLLATERALLY ESTOPPED BECAUSE OF THE QUESTION OF DOUBLE JEOPARDY AND THAT SHORT HAD BEEN FOUND NOT GUILTY OF POSSESSING THE SAME FIREARM IN THE CITY COURT FOR THE CITY OF CLEVELAND, MISSISSIPPI WHEN THE WEAPON WAS BELIEVED TO HAVE BEEN STOLEN.
¶ 9. Prior to the trial, Short filed a motion to suppress. He argued that because he had been found not guilty of possession of stolen property in a city court proceeding concerning the .380 Bryco handgun, the State was collaterally estopped from retrying the issue of Short's possession of the gun. Concerning the possession of stolen property charge, Short attached the affidavit of Officer Reneal B. Little averring that, on or about February 8, 2003, Short: "did willfully, intentionally, and unlawfully receive or possess stolen property a 380 Bryco hand gun knowing or having reasonable grounds to believe same to have been stolen wherein such property has a value of $100.00 to wit 928 Church Street Cleveland, MS." Short also attached a mittimus stating he had been found not guilty of possessing or receiving stolen property.
¶ 10. The trial court denied Short's motion. The court observed that the crimes of possession of stolen property and possession of a firearm by a convicted felon have different elements. The court found that the city court's acquittal might have rested upon a finding that Short possessed the handgun without having known that it was stolen property. Therefore, the court concluded, the city court proceeding had not necessarily resolved the question of possession in Short's favor.
¶ 11. On appeal, Short argues that the trial court should have granted his motion. Though styled as a motion to suppress, Short's collateral estoppel argument, if accepted by the trial court, would have resulted in a dismissal of the charge against him. Therefore, we treat the motion as one to dismiss the indictment. In ruling on a motion to dismiss, "the trial court should consider the evidence fairly and should dismiss the case only if it would find for the defendant." State v. Oliver, 856 So.2d 328, 331(¶ 5) (Miss.2003). This Court applies the "substantial evidence/manifest error" standard to an appeal of a grant or denial of a motion to dismiss. Id.
¶ 12. Under the doctrine of collateral estoppel, an issue of ultimate fact determined by a former judgment cannot be relitigated between the same parties in a later action. Id. at (¶ 7) (citing Ashe v. Swenson, 397 U.S. 436, 442, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). Though collateral estoppel, as named, is inapplicable in criminal cases, the collateral estoppel analysis is identical to double jeopardy analysis. *425 Griffin v. State, 545 So.2d 729, 734 n. 1 (Miss.1989). The issue of double jeopardy is raised whenever a prosecution is foreclosed by a prior acquittal, since the Fifth Amendment guarantee against double jeopardy protects a person having been acquitted from having to stand trial a second time. Id. at 733.
Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.
Id. at 734 (quoting Ashe, 397 U.S. at 444, 90 S.Ct. 1189).
¶ 13. Short argues that his city court acquittal of receipt of stolen property foreclosed consideration of the issue of whether he possessed the handgun. Mississippi Code Annotated section 97-17-70(1) (Supp.2005) provides the elements of receipt of stolen property:
A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.
Under section 97-17-70(1), the State must not only prove the defendant's possession, receipt, retention or disposition of stolen property, but must also show that the defendant knew or had reasonable grounds to believe the property had been stolen. See Washington v. State, 726 So.2d 209(¶ 10) (Miss.Ct.App.1998). Therefore, a general verdict of "not guilty" of receipt of stolen property might rest upon a finding that the defendant did not possess the property or upon a finding that the defendant did not know or have reasonable grounds to believe that the property had been stolen. Consequently, the "not guilty" verdict was not necessarily grounded upon a finding that Short did not possess the handgun and double jeopardy did not foreclose litigation of Short's possession of the handgun.
¶ 14. Notwithstanding that the two possession crimes had different elements, we observe that the city court acquittal concerned Short's possession of the stolen handgun on February 8, 2003. The instant conviction concerned Short's possession of the handgun two days later, on February 10, 2003. Even if the city court acquittal had foreclosed relitigation of Short's February 8, 2003 possession of the handgun, that acquittal would not have impeded litigation concerning Short's February 10, 2003 possession of the handgun. The trial court did not manifestly err in denying Short's motion.

II. THE TRIAL COURT COMMITTED ERROR IN IMPROPERLY SENTENCING SHORT AS A HABITUAL OFFENDER UNDER SECTION 99-19-81, RULE 11.03 UCCR, BECAUSE A BIFURCATED HEARING WAS NOT CONDUCTED IN ORDER TO CONCLUSIVELY AND PROPERLY PROVE THAT SHORT WAS, IN FACT, A TWICE CONVICTED FELON.
¶ 15. Short contends that the trial court erred by sentencing him as a habitual offender because no hearing was held to determine whether Short had the two prior felony convictions required to establish his status as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2000). That statute provides:

*426 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 16. The State has the burden to prove the defendant's habitual offender status beyond a reasonable doubt by producing sufficient evidence that the defendant was "convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times" and for which the defendant was sentenced to separate terms of at least one year's imprisonment. Vince v. State, 844 So.2d 510, 517(¶ 22) (Miss.Ct.App.2003). The best evidence of a conviction is a certified copy of the judgment of conviction. Id. at 518(¶ 25). However, the State is not limited to that form of proof of prior convictions. For example, we have previously held that certified copies of pen-packs showing the defendant's prior sentences were sufficient to enable the trial court to impose enhanced sentencing under section 99-19-81. Frazier v. State, 907 So.2d 985, 991(¶ 16) (Miss.Ct.App.2005). Further, the defendant's in-court admission of prior felony convictions has been found sufficient to permit a finding of habitual offender status. Sanders v. State, 786 So.2d 1078, 1082(¶ 14) (Miss.Ct.App.2001).
¶ 17. For this Court to affirm an enhanced sentence under 99-19-81, the trial court's basis for imposing the sentence must appear in the record on appeal. Vince, 844 So.2d at 517(¶ 22). In Vince, the sole evidence of Vince's habitual offender status apparent from the appellate record was a transcript excerpt in which the prosecutor informed the trial court of an NCIC report listing Vince's various convictions and sentences. Id. at (¶ 21). The NCIC report itself was not admitted as an exhibit at trial or made a part of the appellate record. Id. at (¶ 22). Finding that the State failed to sustain its burden of proof of the prior convictions beyond a reasonable doubt, this Court affirmed Vince's conviction but vacated his sentence and remanded for resentencing. Id. We quoted the supreme court's warning in Seely v. State, 451 So.2d 213, 215 (Miss. 1984), "against the `tendency to routinely allow the state to produce some documentation of prior offenses and for the trial court to perfunctorily find the defendant an habitual offender.'" Id. at (¶ 21).
¶ 18. The record in the instant case reveals error in sentencing Short even more pronounced than that at issue in Vince. Short was indicted as a habitual offender. The indictment indicated that Short had four prior felony convictions in Copiah County with sentences of over one year's imprisonment. The record shows that no proof of any of these convictions was introduced as an exhibit or even mentioned during Short's trial or at sentencing. The sole evidence that Short had previously been convicted of a felony was his stipulation to an element of the offense of possession of a firearm by a convicted felon in which he admitted to having been convicted of "a felony or felonies." This admission fell far short of proof sufficient to permit a finding beyond a reasonable doubt that Short had been "convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different *427 times" and for which he was sentenced to separate terms of at least one year's imprisonment. Miss.Code Ann. § 99-19-81 (Rev.2000). Therefore, we vacate Short's sentence "insofar as it purported to sentence him as a habitual offender" and remand for the sole purpose of resentencing Short. Vince, 844 So.2d at 517(¶ 22), 519(¶ 30). Pursuant to Ellis v. State, 520 So.2d 495, 495 (Miss.1988), the double jeopardy clause of the Mississippi Constitution of 1890 prohibits the introduction of any new evidence on remand to establish Short's habitual offender status.

III. THE TRIAL COURT COMMITTED ERROR IN DENYING SHORT'S MOTION FOR A DIRECTED VERDICT BECAUSE THE PROSECUTION FAILED TO PROVE ITS CASE AGAINST SHORT BEYOND A REASONABLE DOUBT, AND THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND EVIDENCED BIAS AND PREJUDICE AGAINST SHORT, AND WAS BASED SOLELY ON SUSPICION AND SPECULATION.
¶ 19. Short argues that he was entitled to a JNOV because the evidence was legally insufficient, or, alternatively, that he was entitled to a new trial because the verdict was against the overwhelming weight of the evidence. Short rests both these arguments upon his contention that there was a lack of proof that he actually or constructively possessed the .380 Bryco handgun. Short asserts that Jones vindictively lied to the police about Short's possession of the gun and avers that this Court must view Jones's testimony with suspicion. Short argues that the jury was bound to accept his own testimony that he never touched the gun. He further avers that the State could not prove that he ever possessed the gun because the gun was not dusted for fingerprints.
¶ 20. The sufficiency of the evidence is challenged by a motion for a JNOV. In reviewing the denial of a motion for a JNOV, this Court views the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005). We will affirm if any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. "Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury." Harveston v. State, 493 So.2d 365, 370 (Miss.1986).
¶ 21. Short's crime has two elements (1) possession of a firearm; (2) by one who has been convicted of a felony. Miss.Code Ann. § 97-37-5(1) (Rev.2000). The possession element may be shown by proof that the defendant actually or constructively possessed the firearm. For constructive possession, "`there must have been sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular [item] and was intentionally and consciously in possession of it.'" Gavin v. State, 785 So.2d 1088, 1093(¶ 16) (Miss.Ct.App. 2001) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)). Constructive possession may be established with proof that the item was under the defendant's dominion or control. Id.
¶ 22. Short stipulated that on February 10, 2003, he was a prior convicted felon. As recognized by the trial court, there was sufficient evidence of at least three bases for the finding that Short possessed the handgun. Firstly, a reasonable jury could have found actual possession from Jones's testimony that she saw Short holding and loading the gun before the police arrived. Secondly, the jury reasonably could have found that Short was in constructive possession *428 of the handgun from Jones's testimony that Short had previously shown her the gun and that he always kept it under the driver's seat, along with Patrolman White's testimony that he saw Short reaching under the driver's seat. Thirdly, a reasonable jury could have found that Short exercised dominion and control over the handgun from Short's own testimony that he paid $45 for the gun and directed another person as to what to do with the gun. The credibility of Jones's testimony was a matter for the jury to resolve. Harveston, 493 So.2d at 370. There was certainly sufficient evidence to support Short's conviction of possession of a firearm by a convicted felon.
¶ 23. The weight of the evidence is challenged by a motion for a new trial. In reviewing the denial of a motion for a new trial, we "must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Collins v. State, 757 So.2d 335, 337(¶ 5) (Miss.Ct.App. 2000). We give the State the benefit of all favorable inferences that may reasonably be drawn from the evidence. Id. We will reverse only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would condone an unconscionable injustice. Id.
¶ 24. Accepting the evidence supporting the verdict as true and giving the State all favorable inferences that may reasonably be drawn from the evidence, the verdict was not against the overwhelming weight of the evidence. As noted in our discussion of the sufficiency of the evidence, Short's own version of events established his constructive possession of the handgun. This issue is without merit.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS AS A HABITUAL OFFENDER AND TO PAY A $5,000 FINE IS AFFIRMED IN PART AND REVERSED, RENDERED AND REMANDED IN PART FOR THE LIMITED PURPOSE OF RESENTENCING SHORT CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.