# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-00898-SCT

*WALTER TARD*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                 06/08/2009
TRIAL JUDGE:                      HON. SAMAC S. RICHARDSON
COURT FROM WHICH APPEALED:        MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:          OFFICE OF STATE PUBLIC DEFENDER
                                  BY: GEORGE T. HOLMES
                                      LESLIE S. LEE
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: SCOTT STUART
DISTRICT ATTORNEY:                MICHAEL GUEST
NATURE OF THE CASE:               CRIMINAL - FELONY
DISPOSITION:                      REVERSED AND REMANDED - 02/20/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     Walter Tard was convicted in the Madison County Circuit Court of armed robbery and

sentenced to serve forty-five years, with ten years suspended and five years of post-release

supervision, in the custody of the Mississippi Department of Corrections.  On writ of

certiorari, Tard appeals a Court of Appeals judgment affirming his conviction and sentence.

Tard argues that the trial court erred by failing to review his entire videotaped interrogation

and by failing to suppress his statement.  Further, Tard claims that the Court of Appeals erred

by not reviewing the videotaped interrogation on appeal and by affirming the trial court's judgment. Because the record before us fails to indicate upon what evidence the trial court based its decision to deny Tard's motion to suppress his interrogation, we reverse Tard's conviction and sentence and remand the case to the circuit court for a new trial.

## FACTS

¶2. On January 5, 2007, someone robbed a Drury Inn in Ridgeland, Mississippi. During the police investigation of the robbery, Detective Donald Martin of the Ridgeland Police Department obtained the names of a few suspects, one of whom was Walter Tard. The police put together a photographic lineup for the desk clerk who was robbed, and she identified Tard as being the man who had robbed her.

¶3. Soon after, detectives with the Ridgeland Police Department arrested Tard and videotaped his interview with Detective Martin. The interrogation lasted approximately two hours.

¶4. Tard was indicted on May 22, 2007, for armed robbery pursuant to Mississippi Code Section 97-3-79. Tard pleaded not guilty, and the matter was set for trial. Tard moved to suppress his confession, arguing that "such was not voluntarily given in that, under the totality of the circumstances, the investigating Detective made misrepresentations, promises, threats, and inducements in order to get the Defendant to admit to a crime all while the Defendant suffered from a diminished mental capacity." On December 12, 2008, the circuit court held a suppression hearing to consider the admissibility of Tard's confession. At the hearing, Detective Martin testified that he made several misrepresentations to Tard to get him to confess to the robbery. Tard's aunt also testified, claiming Tard had, *inter alia*, subnormal

2

mental capacity. During the motion to suppress, the trial court made clear that it did not view the entire two-hour videotaped statement when ruling on Tard's motion to suppress. The record is utterly silent regarding what portions of the videotape the trial court viewed.[1]

¶5.     The circuit court denied Tard's motion to suppress the confession, noting that investigators use many different techniques to extract statements and confessions from suspects, and that no examples of coercion or promises of reward were indicated during the confession. The circuit court also denied Tard's claim of diminished mental capacity, noting that no medical diagnosis of subnormal mental capacity or testimony, other than that given by his aunt, had been submitted to the court. Thus, Tard proceeded to trial.

¶6.     After two mistrials,[2] Tard entered a guilty plea on February 3, 2009. However, at the sentencing hearing on March 9, 2009, the circuit court set aside the guilty plea following Tard's request for withdrawal. A third trial began on May 5, 2009, at which Tard was found guilty of armed robbery.[3] Tard filed a motion for a judgment notwithstanding the verdict (JNOV) and for a new trial on June 11, 2009. The circuit court denied his motion on May 3, 2010.

---

[1]The hearing transcript, produced in full, merely states that the court went "off the record" to view the videotape, and the court made no statements on the record as to which portion or portions of the videotape it viewed.

[2]Because the State had violated an order to exclude mention of other crimes, the trial court declared a mistrial on December 29, 2008. A second mistrial was declared on February 2, 2009, after a nonparty lawyer entered the courtroom and had a conversation with a selected juror.

[3]The suppression hearing was held prior to the first trial. At the third trial, the trial court did not review the previously filed motion to suppress Tard's statement, proceeding under its original ruling on the motion.

¶7. The Court of Appeals determined that "trial counsel never attempted to introduce the entire videotape for the circuit court's or the jury's review. Because the issue was never presented before the circuit judge, any claim for error is procedurally barred from review." *Tard v. State*, __ So. 3d __, 2013 WL 500745, at *4 (Miss. Ct. App. Feb. 12, 2013). Accordingly, the Court of Appeals affirmed Tard's conviction and sentence. We granted Tard's request for writ of certiorari.

**ANALYSIS**

¶8. Tard moved to suppress his confession, arguing that "such was not voluntarily given in that, under the totality of the circumstances, the investigating Detective made misrepresentations, promises, threats, and inducements in order to get the Defendant to admit to a crime all while the Defendant suffered from a diminished mental capacity."

¶9. We will not disturb a trial court's denial of a motion to suppress unless "the incorrect legal principle was applied; if there was no substantial evidence to support a voluntary, knowing, and intelligent waiver of *Miranda*[4] rights; and if the denial was a result of manifest error." *Scott v. State*, 8 So. 3d 855, 861 (Miss. 2008). The State bears the burden to prove the voluntariness of the confession beyond a reasonable doubt. *Id*. at 861. The voluntariness of a confession is a factual inquiry that must be made by the trial judge from a totality of the circumstances. *Williams v. State*, 115 So. 3d 774, 778 (Miss. 2013). Taking the totality of the circumstances into consideration, a confession is voluntary when it is the product of the defendant's free and rational choice. *See Harden v. State*, 59 So. 3d 594, 605 (Miss. 2011).

_____

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

4

Thus, any confession elicited as a result of promises, threats, or inducements is not voluntary. *Id*.

¶10. Also, where the accused's mental capacity is raised, the trial court must determine "whether the accused, prior to the confession, understood the content and substance of the *Miranda* warning and the nature of the charges of which he was accused." *Williams*, 115 So. 2d at 778. The defendant's mental retardation "does not render a confession per se involuntary; rather, the defendant's mental abilities are but one factor to be considered. *Harden*, 59 So. 3d at 605.

¶11. Because the trial court did not review the entire videotaped interrogation, Tard claims the trial court failed to consider the totality of the circumstances. The record does not indicate which parts of the interrogation the trial court viewed, although it is clear that the trial court did not view the entire videotaped interrogation. This Court is left to speculate whether the trial court watched ten seconds, or one hour and fifty-nine seconds, and it is left to speculate as to exactly which portions of the videotape the trial court viewed in making its determination of voluntariness under the totality of the circumstances. Thus, this Court is unable to determine whether the trial court erred, since the record fails to indicate exactly which facts and circumstances the trial court considered in determining whether the confession was voluntary.

¶12. The State bears the burden of establishing voluntariness beyond a reasonable doubt as determined by the totality of the circumstances. *Scott*, 8 So. 3d at 861. That burden includes being certain that the evidence to be considered on the issue of voluntariness is properly placed in the record. *See, e.g.*, *Short v. State*, 929 So. 2d 420, 426 (Miss. App.

5

2006). Under the facts of this case, that included any portions of the confession actually viewed by the trial court. The record before this Court does not allow us to judge whether the State carried that burden because it lacks any indication of the basis for the trial court's decision. Therefore, we reverse and remand the judgment of the Madison County Circuit Court for a new trial. Also, because the Court of Appeals affirmed the judgment erroneously, we reverse the judgment of the Court of Appeals.

### CONCLUSION

¶13. The record made at the suppression hearing is insufficient to determine the basis upon which the trial court denied Tard's motion to suppress. For this reason, the judgments of the Court of Appeals and of the Madison County Circuit Court are reversed, and the case is remanded to the circuit court for a new trial.

¶14. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.**

6