ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. In the Harrison County Circuit Court on March 10, 2003, Juan Perez entered a guilty plea to possession of a controlled substance with intent. He was found to be a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007), and he was sentenced to fifteen years, day for day, in the custody of the Mississippi Department of Corrections (MDOC). Perez filed his motion for post-conviction relief (PCR) on November 3, 2009, alleging that the circuit court erred in sentencing him as a habitual offender and that he had ineffective assistance of counsel. The circuit judge denied Perez’s PCR motion on April 27, 2010. Perez now appeals.
 

 ¶ 2. Finding no error, we affirm the circuit court’s denial.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. Perez, also known as Alfonso Ninov, was indicted as a habitual offender on the charge of possession of a controlled substance with intent. This charge stemmed from an incident on January 29, 2002, where Perez was found in possession of more than ten but less than thirty grams of cocaine in violation of Mississippi Code
 
 *1010
 
 Annotated section 41-29-139(c)(l)(D) (Rev. 2009). The minimum sentence for this violation is imprisonment for six years; the maximum sentence is imprisonment for twenty-four years. Perez was also found to be a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 for his two prior felony convictions in Florida.
 

 ¶ 4. Perez and his attorney appeared before the circuit judge on March 10, 2003, to plead guilty to the charge. At the plea hearing, Perez and the circuit judge discussed Perez’s two prior felony convictions in Florida. Perez acknowledged that he was convicted in 1971 and sentenced to a total of eight years’ imprisonment. He also acknowledged that his second conviction in Florida occurred in 1992 and resulted in a fifteen-year sentence of imprisonment. The State recommended that Perez serve fifteen years, day for day, in the custody of the MDOC. After being satisfied that Perez was guilty and his guilty plea was entered voluntarily, the circuit judge followed the State’s recommendation and sentenced Perez to fifteen years in the custody of the MDOC.
 

 ¶ 5. In November 2009, six years after he was sentenced, Perez filed a PCR motion in the circuit court alleging that the circuit court erred in sentencing him as a habitual offender and that he received ineffective assistance of counsel. The circuit court found that Perez was time-barred from filing the PCR motion since it was filed more than three years after his sentence was imposed. The circuit court further found that, time bar notwithstanding, Perez was properly sentenced as a habitual offender and that he had received adequate assistance of counsel at his guilty plea hearing. The circuit court denied Perez’s PCR motion, and it is from this denial that Perez appeals.
 

 ¶ 6. On appeal, Perez asserts that he is excepted from the time bar due to intervening United States Supreme Court or Mississippi Supreme Court decisions that would have affected the outcome of the trial. He further asserts that he received ineffective assistance of counsel.
 

 STANDARD OF REVIEW
 

 ¶ 7. When the circuit court denies a PCR motion, this Court will not reverse that decision unless it was clearly erroneous.
 
 Jones v. State,
 
 904 So.2d 1107, 1108 (¶ 3) (Miss.Ct.App.2004).
 

 ANALYSIS
 

 ¶ 8. In the circuit court’s opinion denying the PCR motion, it found that Perez was time-barred from bringing his PCR motion. Mississippi Code Annotated section 99-39-5(2) (Supp.2010) requires a person who entered a guilty plea and is now seeking relief through the filing of a PCR motion must do so “within three (3) years after entry of the judgment of conviction.” It is clear from the record that Perez entered his guilty plea on March 10, 2003; he did not file his PCR motion until November 2009. He was unquestionably outside of the three-year period when he filed his PCR motion. However, within Mississippi Code Annotated section 99-39-5, the Legislature provided some exceptions to the three-year bar. In order for Perez to bring his PCR motion, he must demonstrate that his case falls within one of the exceptions.
 

 ¶ 9. Perez asserts that, pursuant to Mississippi Code Annotated section 99-39-5(2)(a)(i), he is excepted from the time bar because there has been an intervening decision by the United States Supreme Court or the Mississippi Supreme Court that “would have actually adversely affected the outcome of his conviction or sentence.” He relies on
 
 Short v. State,
 
 929 So.2d 420
 
 *1011
 
 (Miss.Ct.App.2006), as an intervening decision to argue that the State failed to provide sufficient evidence to show that he was a habitual offender.
 
 [1]
 
 Anthony Short was convicted of possession of a firearm by a convicted felon and sentenced, as a habitual offender, to three years in the custody of the MDOC.
 
 Short,
 
 929 So.2d at 422 (¶ 1). On appeal, Short’s conviction was affirmed, but his case was reversed and remanded for re-sentencing because the State failed to provide sufficient evidence of Short’s prior convictions.
 
 Id.
 
 at 423 (¶ 2). This Court found:
 

 [the] record show[ed] that no proof of any of these convictions was introduced as an exhibit or even mentioned during Short’s trial or at sentencing. The sole evidence that Short had previously been convicted of a felony was his stipulation to an element of the offense of possession of a firearm by a convicted felon in which he admitted to having been convicted of “a felony or felonies.”
 

 Id.
 
 at 426 (¶ 18). In addition to
 
 Short
 
 not being a Mississippi Supreme Court or United States Supreme Court ease as required by the language of the statute, Perez’s own case differs from the facts of the
 
 Short
 
 case. In the case before us, the circuit judge thoroughly questioned Perez about his two prior felony convictions in Florida. Perez responded to the circuit judge’s questions about each prior conviction in the affirmative. The circuit judge and Perez even discussed whether the state jail or the federal jail in Florida had a nicer facility. Mississippi law has made clear that “[a]dmissions to prior criminal convictions are sufficient to permit a finding of habitual status.”
 
 Sanders v. State,
 
 786 So.2d 1078, 1082 (¶ 14) (Miss.Ct.App.2001). We hold that Perez’s in-court admissions of his prior criminal convictions in Florida are sufficient prove his status as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81; thus,
 
 Short
 
 is not an intervening decision that would have affected the outcome of his sentence or conviction and is not a case that provides Perez with an exception from the three-year bar.
 

 ¶ 10. In his brief, Perez cites a plethora of cases as “intervening decisions” sufficient to except him from the time bar. For example, he cites
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) to argue that his sentence as a habitual offender was illegal since his sentence was enhanced without a jury determination. We will not address the merit of his argument since
 
 Apprendi
 
 was decided before Perez’s sentence; thus, it is not an “intervening decision” that would except Perez from the time bar.
 
 [2]
 
 With the exception of the
 
 Short
 
 case, the only other case cited that could be deemed intervening is
 
 Padilla v. Kentucky,
 
 — U.S. -, 130 S.Ct. 1473, 1478, 176 L.Ed.2d 284 (2010), which involves an ineffective-assistance-of counsel claim. Jose
 
 *1012
 
 Padilla’s counsel failed to discuss the possibility of deportation with him before he entered his guilty plea.
 
 Id.
 
 The Supreme Court held that counsel must inform the client of “whether his plea carries a risk of deportation[.]”
 
 Id.
 
 at 1476. At Perez’s guilty plea hearing, the circuit judge and Perez discussed deportation. The transcript provides:
 

 MR. [PEREZ]: I don’t think so, sir. I’ve been deported.
 

 THE COURT: Why aren’t you deported now?
 

 MR. [PEREZ]: Because Castro [w]on’t take us in Cuba[,] and we have to stay in America[,] even in jail. I lost all my rights, social security, all that.
 

 Although we recognize that
 
 Padilla
 
 is a Supreme Court case decided after Perez’s sentence was imposed, we find that the decision would not “have actually adversely affected the outcome of his conviction or sentence....” Miss.Code Ann. § 99-39-5(2)(a)(i).
 

 ¶ 11. We hold that Perez’s PCR claim was properly denied as time-barred by the three-year bar with no applicable exception pursuant to Mississippi Code Annotated section 99-39-5(2). Because we find that Perez was time-barred from bringing the PCR motion, we will not address the remaining issues in his brief.
 

 ¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Mississippi Code Annotated section 99-19-81 provides that a person convicted of a felony in Mississippi may be deemed a habitual offender when it is shown that he has:
 

 [B]een convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and [he] shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere[.]
 

 If that person is found to be a habitual offender, he "shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall [he] be eligible for parole or probation."
 
 Id.
 

 [2]
 

 . The remaining cases Perez cites in his brief were all decided prior to his sentencing in 2003.