ISHEE, J.,
for the Court:
¶ 1. On September 5, 2012, in the Lowndes County Circuit Court, Robert W. Triplett was found guilty of one count of exploitation of a child and was sentenced, as a habitual offender, to forty years in the custody of the Mississippi Department of Corrections (MDOC). He was also ordered to pay a fine of $50,000. Triplett appeals.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On September 18, 2009, Triplett contacted the Lowndes County Sheriffs Department to report that his stepdaughter was missing. After six days of investigation, a search warrant was issued for Triplett’s home in an effort to obtain evidence to assist with the search for the stepdaughter. Several computers and other electronics, including a HP Pavillion 9000 computer, were removed from Triplett’s home and taken to the local crime lab.
¶ 8. Shortly after, Triplett contacted the sheriffs department inquiring about when the computers would be returned, specifically referencing the HP Pavillion 9000 computer. A mirror image of the HP Pavillion 9000 computer was created by the crime lab, and the computer was then retened to Triplett. Subsequently, the crime lab informed the sheriffs department that images of child pornography had been found on the HP Pavillion 9000 computer. The sheriffs department then asked Triplett to return the computer to them.
¶ 4. Afterwards, Tony Perkins, an investigator with the sheriffs department, and Clay Baines, an investigator with the Mississippi Bureau of Investigation, interviewed Triplett and obtained his statement. Triplett was then arrested and charged with exploitation of a child. A bench trial was held on September 4, 2012, and Triplett was found guilty of exploitation of a child.
¶ 5. Prior to the trial, a motion was filed with the circuit court to amend the indictment and charge Triplett as a habitual offender. The motion to amend the indictment provided the following convictions to support habitual-offender status:
1. That the defendant, ROBERT W. TRIPLETT, was previously convicted in the Circuit Court Court of Jackson County, Mississippi, in Count 1 of Cause Number 2008-10,005, for the crime of Attempted Aggravated Assault, and sentenced on April 10, 2010, to serve a term of one (1) year or more in the Mississippi Department of Corrections;
2. That the defendant, ROBERT W. TRIPLETT, was previously convicted in the United State District Court, Northern District of Mississippi, in Count 1 of Cause Number 1:09CR00154-001, for the crime of Possession of Child Pornography, and sentenced on April 14, 2011, to serve a term of one (1) year or more in the United States Bureau of Prisons[.]
Following the trial, the circuit court held a hearing on the motion. Triplett’s attorney objected to the use of the federal conviction as a basis for Triplett’s habitual-offender status.
¶ 6. Although Triplett’s attorney admitted that he had no legal authority to support his position, he argued that “it would be inequitable ... to allow one conviction to stand for two when they all arose from the same exact set of circumstances and *1258 constitute the exact same charge, albeit in different forums.” In response, the State stated the following:
There are two sovereigns. In the more, quite frankly, sensitive .area of the law, double jeopardy, the application of the doctrine ... that counsel espouses doesn’t apply. If a defendant robs a bank, he can not only be charged with armed bank robbery in the federal system, but he can also be prosecuted for armed robbery in the state system, and it is not double jeopardy. That being so, Your Honor, it would seem to me there is no — if Constitutional protections against double jeopardy do not apply, I do not see why it would apply in the instance of enhanced punishment.... Now, I will say this, I will always stipulate to the truth: The facts and circumstances surrounding the conviction in federal court [are], in fact, substantially the same as the facts and circumstances as this particular case. It is based on the same search warrant, the same production of — of images from several computers owned by Mr. Triplett. I do not, quite frankly, know which image was actually used in the federal system.... This Court has learned by now these images float around for — for years, and I don’t know if this particular set of images was, in fact, the images that they used in the federal system to base their indictment on. It does not say, and there’s no way I can tell.
Subsequently, the circuit court granted the motion to amend the indictment. Triplett was then sentenced as a habitual offender to serve forty years for the conviction of exploitation of a child, all in the custody of the MDOC, and ordered to pay a fine of $50,000. Aggrieved, Triplett now appeals.
DISCUSSION
¶ 7. “The standard of review for a judgment entered following a bench trial is well settled. In a bench trial, the trial judge is ‘the jury’ for all purposes of resolving issues of fact.” Sendelweck v. State, 101 So.3d 734, 738-39 (¶ 19) (Miss.Ct.App.2012). “The Mississippi Supreme Court has stated that[,] for review of the findings of a trial judge sitting without a jury, the appellate court will reverse only where the findings of the trial judge are manifestly erroneous or clearly wrong.” Id. at 739 (¶ 19). “However, where questions of law are raised the applicable standard of review is de novo.” Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999) (citations omitted).
¶ 8. On appeal, Triplett does not challenge his conviction, but argues, rather, that the circuit court erred in sentencing him as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007). Section 99-19-81 states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
The State has the burden to prove that a defendant qualifies for habitual-offender status. Short v. State, 929 So.2d 420, 426 (¶ 16) (Miss.Ct.App.2006). In doing so, the State must produce sufficient evidence proving beyond a reasonable doubt “that the defendant was ‘convicted twice previously of any felony or federal crime upon charges separately brought and arising out *1259 of separate incidents at different times’ and for which the defendant was sentenced to separate terms of at least one year’s imprisonment.” Id.
¶9. Triplett asserts that the federal conviction used in support of his habitual-offender status resulted from the exact same set of facts and circumstances as the conviction at issue in this appeal, and, therefore, is not a charge “arising out of separate incidents at different times.” The State contends that since numerous images of child pornography were retrieved from three computers in Triplett’s home, there were multiple separate incidents of possession of child pornography. Further, the State argues that the images could have been obtained at different times since the computers spanned multiple years and Triplett’s son indicated that he had seen the images two months prior.
¶ 10. The State also contends that since both charges could be brought without violating Triplett’s protections against double jeopardy, then there would not be a violation in the application of the enhancement. In support of this argument, the State cites to Brown, 731 So.2d at 600 (¶ 12), which states that “[t]he Dual Sovereignty doctrine recognizes that more than one offense results where a single criminal act violates the laws of more than one State or a State and the Federal Government.” Id. (citing Heath v. Alabama, 474 U.S. 82, 86, 106 S.Ct. 483, 88 L.Ed.2d 387 (1985)). While it is true that Triplett’s offenses can be prosecuted separately, “[sjection 99-19-81 achieves a juridical union the Double Jeopardy Clause does not.” Pittman v. State, 570 So.2d 1205, 1206 (Miss.1990); see also Pharr v. State, 465 So.2d 294, 300-01 (Miss.1984).
¶ 11. The Mississippi Supreme Court has provided guidance on determining whether charges arise out of separate incidents at different times under section 99-19-81, in the following cases: Pittman, 570 So.2d 1205, Nicolaou v. State, 534 So.2d 168 (Miss.1988), and Riddle v. State, 413 So.2d 737 (Miss.1982). In Riddle, a jury found Riddle guilty of three charges — kidnapping, rape, and burglary — all of which had been committed on the same day and involved the same victim. Riddle, 413 So.2d at 738. Upon agreement, the cases were consolidated and tried together. Id. On appeal, Riddle argued, and the State acknowledged, that the habitual-offender statute had been inappropriately applied. Id. The supreme court agreed and found that the only previous crimes committed by Riddle were those that arose out of a single incident. Id. The case was remanded for resentencing. Id.
¶ 12. In Nicolaou, the defendant was convicted of capital murder and later sentenced as a habitual offender. Nicolaou, 534 So.2d at 170. The underlying offenses relied upon to support the habitual-offender sentence were two murders, armed rob: bery, and two kidnappings, which had all been committed on the same day. Id. The State conceded that the two murders were not separate incidents for purposes of habitual-offender status. Id. However, the State argued that the robbery and two kidnappings took place separate from the murders. Id. at 173. Subsequently, the supreme court held that “[a]ll crimes took place on the same day, but the two murders and the kidnappings occurred at different times and different places, and clearly were two separate ‘incidents.’ ” Id.
¶ 13. In Pittman, two prior burglaries of separate schools on the same day were used to sentence Pittman as a habitual offender for a conviction of burglary. Pittman, 570 So.2d at 1205. Pittman argued, based on Riddle, that the State had failed to prove that his two prior convictions arose out of separate incidents at different times. Id. at 1206. In its review of Rid- *1260 die, the supreme court found: “Though subject to separate prosecution, the Riddle offenses arose out of a common temporal nucleus of operative fact and did not qualify as ‘separate incidents at different times.’” Id. Although the Pittman burglaries occurred in rapid succession, they took place at separate schools, and the supreme court was obliged to find that the acts were separate incidents that occurred at different times. Id. at 1207.
¶ 14. The indictment in this case charges Triplett with possessing, on or about September 24, 2009, a visual depiction of an actual child engaging in sexually explicit conduct. The judgment from the district court stated that Triplett was guilty of possession of child pornography and that the offense ended on September 24, 2009. The State admits that the state and federal charges arose from evidence obtained during the search of Triplett’s home. Nearly 300 images were tagged as unlawful images and sent to the National Center for Exploited and Abused Children for further investigation. Of those 300 images, five were used to prosecute the state charge. However, the State failed to prove that the images used in this case were different from the images used to prosecute the federal charge.
¶ 15. After a review of the record, we cannot find that the State proved beyond a reasonable doubt that the charges arose from separate incidents. The supreme court has held that “a prior offense may be considered under [section 99-19-81] even if it occurred on the same day as the instant offense as long as the two charges arose from ‘separate incidents.’ ” Bergeron v. State, 60 So.3d 212, 215 (¶ 8) (Miss.Ct.App.2011) (quoting Buckley v. State, 511 So.2d 1354, 1359 (Miss.1987)). It is clear that the instant offense arose from the same evidence and on the same day as the federal offense. This Court has reasoned:
It is understandable why two crimes originating out of the same nucleus of operative facts should be counted as one crime for evaluating whether one should receive an enhanced penalty for his continual involvement in criminal activity. If the purpose of the statute is to deter subsequent criminal activity, it would be patently unfair to count multiple crimes — arising out of a common nucleus of operative facts and committed at the same time by an individual during one foray into criminal activity — as separate crimes because neither of the multiple crimes constitutes subsequent involvement in criminal activity. Such an interpretation is consistent with the laudable purpose of the statute: to stiffen the penalty for repeat offenders, not for current offenders who commit several crimes during their one foray into criminal activity.
Id. at 216 (¶ 10) (citing Otis v. State, 853 So.2d 856, 862 (¶ 16) (Miss.Ct.App.2003)).
¶ 16. Since both convictions derive from the same materials, the same investigation, and the same officers, we agree with Triplett that it would be inequitable to allow the federal conviction to be used to support his habitual-offender status, even though the charges were brought in different forums. As such, the judgment of the circuit court is reversed in part as to the habitual-offender sentence only, and the case is remanded for resentencing. In all other respects, the judgment is affirmed.
¶ 17. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF EXPLOITATION OF A CHILD IS AFFIRMED. THE SENTENCE, AS A HABITUAL OFFENDER, IS REVERSED, AND THIS CASE IS REMANDED FOR RESEN-TENCING CONSISTENT WITH THIS
*1261 OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANT AND THE APPEL-LEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.