# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01838-COA

**ROBERT W. TRIPLETT A/K/A ROBERT**       **APPELLANT**
**WARREN TRIPLETT, JR. A/K/A ROBERT**
**TRIPLETT, JR. A/K/A ROBERT TRIPLETT**
**A/K/A ROBERT W. TRIPLETT, JR.**

**v.**

**STATE OF MISSISSIPPI**       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/2014 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | ON REMAND, RESENTENCED TO FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO RUN CONSECUTIVELY TO ANY SENTENCE CURRENTLY BEING SERVED, AND TO PAY A $50,000 FINE |
| DISPOSITION: | AFFIRMED - 08/02/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.	Robert Triplett was convicted of exploitation of a child and sentenced as a habitual

offender to serve forty years in the custody of the Mississippi Department of Corrections

(MDOC). Triplett was also ordered to pay a $50,000 fine. Triplett appealed, arguing the trial court erred in sentencing him as a habitual offender. This Court agreed—we reversed the habitual-offender-status portion of Triplett's sentence and remanded solely for resentencing. *Triplett v. State*, 145 So. 3d 1256, 1260 (¶¶15-16) (Miss. Ct. App. 2014) (finding the State failed to prove that the charges used to prove habitual-offender status arose from separate incidents). On remand, the trial court ordered Triplett to serve forty years in the custody of the MDOC as a non-habitual offender and to pay a $50,000 fine.

¶2. Triplett is represented by the Indigent Appeals Division of the Office of State Public Defender. Triplett's appellate counsel filed a brief with this Court pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating no arguable issues existed for appeal. Triplett's appellate attorney also confirmed that she sent a copy of the brief to Triplett, along with correspondence informing Triplett that she found no arguable issues in the record to raise as error, and that Triplett had a right to file a pro se brief to raise any perceived errors. Triplett's appellate counsel requested that Triplett receive a forty-day extension of time to file a pro se supplemental brief. We granted the motion and gave Triplett forty days from the entry of the order, November 3, 2015, to file a pro se brief. Triplett filed a pro se brief, alleging his sentence was illegal. Triplett further contends the trial court erred by denying him the opportunity to represent himself and refusing to hear his motion to reconsider the denial of his motion for a directed verdict.

## DISCUSSION

¶3. In *Lindsey*, the Mississippi Supreme Court set forth the process to follow when

appellate counsel for an indigent criminal defendant concludes no arguable issues exist on appeal. *Id*. at 748 (¶18). Specifically, the *Lindsey* court stated:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); *see also* [*Smith v.*] *Robbins*, 528 U.S. [259,] 280-81 [(2000)] (stating that "counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

> (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

> (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Id.* (internal citations and footnotes omitted).

¶4.     Here, Triplett's attorney indicated she diligently and thoroughly scoured the record, searching for any arguable issues that could be presented in good faith on appeal, but she found none. Triplett's attorney asserted that she specifically examined: (1) any possible violations of Triplett's right to counsel; (2) the entire sentencing transcript and contents of

3

the record; (3) all rulings of the trial court at the sentencing hearing; (4) possible prosecutorial misconduct; (5) possible misapplication of the law in sentencing; (6) the indictment and all pleadings in the record; and (7) any possible ineffective-assistance-of-counsel issues.

¶5.     Although Triplett's appellate attorney found no arguable issues on appeal, we will address the merits of Triplett's pro se issues on appeal.

### I.     Sentence

¶6.     Triplett argues that since he was sixty-one years old at the time of sentencing, his forty-year sentence amounts to a life sentence. We first note that Triplett never raised this issue before the trial court, either by objecting at the time of his sentencing or by filing posttrial motions. Thus, this Court is under no obligation to address the issue. *Cox v. State*, 793 So. 2d 591, 599 (¶33) (Miss. 2001); *Ballenger v. State*, 667 So. 2d 1242, 1256 (Miss. 1995). Regardless, we will address Triplett's issue.

¶7.     "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Hoops v. State*, 681 So.2d 521, 537 (Miss. 1996). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." *Id*. (quoting *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992)). The maximum sentence for child exploitation is forty years. Miss. Code Ann. § 97-5-35 (Rev. 2014). Thus, the trial court did not abuse its discretion when resentencing Triplett.

¶8.     Triplett also alleges the trial court erred by ordering his sentence for child exploitation

4

to run consecutively to any sentence he was currently serving.[1] The evidence obtained during the search of Triplett's home resulted in both state and federal charges. Prior to his state trial for child exploitation, Triplett was convicted in federal court of possession of child pornography using evidence obtained from the search. Triplett claims that both convictions resulted from the same offense; thus, it would be unfair to order his sentences to be served consecutively. However, the trial court has the discretion to order sentences to be served concurrently or consecutively. *See* Miss. Code Ann. § 99-19-21(1) (Rev. 2015). We find no abuse of discretion by the trial court in this instance.

## II. Self-representation

¶9. In this issue, Triplett appears to claim that he should have been allowed to represent himself—at which point in the proceedings is unclear. However, the record reflects that Triplett asked the trial court to appoint appellate counsel. Triplett's resentencing was on November 14, 2014, after which he filed a pro se notice of appeal. This Court ordered the trial court to conduct a hearing to determine whether Triplett was in fact indigent. This hearing occurred on February 20, 2015, during which the topic of self-representation was raised. Upon questioning by the trial court, Triplett indicated that he did need the assistance of an attorney. The trial court agreed and stated that it would appoint an attorney from the Office of State Public Defender to assist Triplett. The record also reflects that on February 9, 2015, Triplett filed a motion with this Court requesting an attorney be appointed to assist

[1] The record on appeal contains no information concerning which conviction Triplett was serving time for at the time of his resentencing. Our first opinion indicates Triplett, in addition to the federal conviction for possession of child pornography, had also recently been convicted of aggravated assault in state court. *Triplett*, 145 So. 3d at 1257 (¶5).

5

with his appeal. We dismissed this motion as moot since the trial court had already appointed appellate counsel to represent Triplett. This issue is without merit.

### III.    Refusal to Reconsider Motion

¶10.    Triplett contends the trial court erred by denying his motion to reconsider his motion for a directed verdict. Prior to the resentencing hearing, Triplett filed a pro se motion to reconsider his motion for a directed verdict. The record does not contain any information regarding Triplett's initial motion for a directed verdict—if he raised the motion at the close of the State's evidence during trial or if the trial court denied the motion. During the sentencing hearing, the trial court stated that it would not consider the motion since the purpose of the hearing was solely to resentence Triplett. Later, during the hearing to determine Triplett's indigence, Triplett raised this issue again. The trial court decided to treat the issue as a motion for postconviction relief (PCR) and denied the motion.

¶11.    The trial court should not have treated this motion as a PCR motion. Triplett never sought permission to file any PCR claims as required by Mississippi Code Annotated section 99-39-7 (Rev. 2015). And a motion for reconsideration regarding the denial of a motion for a directed verdict is not a ground for relief under Mississippi Code Annotated section 99-39-5 (Rev. 2015). Regardless, the appellate record is insufficient for this Court to determine whether this issue has merit. Thus, we decline to address this issue. *Cage v. State*, 149 So. 3d 1038, 1047 (¶26) (Miss. 2014).

¶12.    **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF EXPLOITATION OF A CHILD AND SENTENCE OF FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO RUN CONSECUTIVELY TO ANY SENTENCE CURRENTLY**

**BEING SERVED, AND TO PAY A $50,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**